UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DOMINIC WILLIAMS,

    Plaintiff,

v.                                        CASE NUMBER:
                                              HONORABLE:

CITY OF GRAND RAPIDS, RYAN JOHNSTON,
and MAKENTORCH SEIDE,
in their individual and official capacities,

    Defendants.
_____/
CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shawn.cabot@cjtrainor.com
krystina.doss@cjtrainor.com
_____/

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE
TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

**COMPLAINT AND JURY DEMAND**

    **NOW COMES** Plaintiff, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants, states as follows:

1.     Plaintiff is a resident of the City of Grand Rapids, County of Kent, State of Michigan.

2.     Defendant City of Grand Rapids is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

3.     Defendant Ryan Johnston is and/or was a police officer working for and/or assigned to the City of Grand Rapids Police Department, and was acting under color of law, in his

1

|   |   |
|---|---|
|   | individual and official capacities, and was acting within the course and scope of his employment at all times mentioned herein. |
| 4. | Defendant Makentorch Seide is and/or was a police officer working for and/or assigned to the City of Grand Rapids Police Department, and was acting under color of law, in his individual and official capacities, and was acting within the course and scope of his employment at all times mentioned herein. |
| 5. | That all events giving rise to this lawsuit occurred in the City of Grand Rapids, County of Kent, State of Michigan. |
| 6. | This lawsuit arises out of Defendants' violation of Plaintiff's federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983.  Plaintiff also has viable state law claims. |
| 7. | Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question] and 28 U.S.C. § 1343 [civil rights]. |
| 8. | That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees. |

## FACTS

9. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

10. On March 2, 2020, Plaintiff left a gas station and was driving home when he saw flashing lights behind him; thereby causing him to pull over.

11. While Plaintiff was in the driver's seat of the vehicle, Defendant Johnston approached the vehicle and asked Plaintiff to roll down his window, and Plaintiff opened his window.

12. Plaintiff recorded some of the encounter that evening on his cell phone.

13. At one point during their interaction, Defendant Johnston ordered Plaintiff to step outside the vehicle to which Plaintiff complied with said request, while still recording the encounter with his cell phone.

14. Defendant Johnston then gave Plaintiff confusing and/or conflicting commands with respect to putting his hand behind his back or on top of his head; Plaintiff even expressed his confusion as to the commands being given by Defendant Johnston.

15. Finally understanding the commands being given by Defendant Johnston, as Plaintiff attempted to comply with the commands being given by Defendant Johnston, Defendant Johnston aggressively grabbed Plaintiff's right arm and forcefully pushed Plaintiff into the vehicle

16. Defendant Johnston and/or Seide then proceeded to kick Plaintiff's legs out from underneath him and they both slammed Plaintiff to the ground and handcuffed him very tightly.

17. After Plaintiff was placed in the rear of a police car, Defendant Johnston went back to Plaintiff's vehicle, picked up Plaintiff's cell phone from inside the vehicle, accessed contents of Plaintiff's phone, and unlawfully removed the cell phone from the vehicle and took possession of same.

18. When Plaintiff eventually got his cell phone back, the video that was taken of the subject encounter had been erased.

19. Plaintiff was taken to the Kent County Jail.

20. Defendants falsely arrested and charged Plaintiff with assault, batter, resist or obstruct a police officer, but that charge was ultimately dismissed.

21. That on or about October 29, 2020, the above charge against Plaintiff was dismissed.

22. As a result of Defendants' actions and/or inactions, Plaintiff suffered significant injuries and damages.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. §1983 EXCESSIVE FORCE

23. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

24. At all relevant times herein, Defendants Johnston and Seide acted under color of law, within the scope and course of their employment, and in their official and individual capacities.

25. Defendants violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including, but not limited to, the Fourth Amendment of the United States Constitution to be free from unreasonable search and seizures, including, but not limited to be free from excessive use of force and/or failing to intervene and stop excessive force from being used.

26. The actions of Defendants Johnston and Seide were at all times objectively unreasonable and in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution and which proximately resulted in significant injuries to Plaintiff.

27. Defendants are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment right to be free from excessive use of force and unreasonable search and seizures.

28. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights committed by Defendants, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42. U.S.C § 1983 together with costs, interests, and attorney fees as set forth in 42 U.S.C. §1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), not including interest, attorney fees, and costs.

## COUNT II
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983 UNLAWFUL SEARCH AND SEIZURE OF CELL PHONE

29. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

30. That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be secure in his person, house, and things against unreasonable and warrantless searches and seizures without due process of law.

31. At all material times mentioned herein, Defendant Johnston acted under color of law and unreasonably when he violated Plaintiff's Fourth Amendment rights by searching Plaintiff's cell phone and/or seizing same without probable cause, exigent circumstances, or any other legal justification, and then deleting the video taken by Plaintiff of the incident complained of.

5

32. Defendant Johnston acted unreasonably and failed in his duties when he unlawfully searched and seized Plaintiff's cell phone.

33. Defendant Johnston acted under color of law and acted unreasonably; therefore, he is not entitled to qualified immunity because he violated Plaintiff's clearly established Fourth Amendment rights.

34. Defendant Johnston's unlawful and unconstitutional acts were the direct and proximate cause of the deprivation of Plaintiff's constitutional rights.

35. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights committed by Defendant Johnston, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42. U.S.C § 1983 together with costs, interests, and attorney fees as set forth in 42 U.S.C. §1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), not including interest, attorney fees, and costs.

### COUNT III
### VIOLATION OF THE FOURTH AMENDMENT
### 42 U.S.C. §1983 FALSE ARREST

36. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

37. That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free from unreasonable searches and seizures.

38. At all material times, Defendant Johnston was acting under color of law and unreasonably when he violated Plaintiff's Fourth Amendment rights by falsely

arresting and/or detaining Plaintiff for assault, batter, resist or obstruct a police officer, without probable cause or exigent circumstances.

39. Defendant Johnston acted unreasonably and failed in his duties when he falsely arrested/detained/seized Plaintiff without considering the totality of the circumstances.

40. Defendant Johnston acted under color of law and is not entitled to qualified immunity because he violated Plaintiff's clearly established Fourth Amendment rights to be free from an unlawful arrest.

41. Defendant Johnston's unlawful and unconstitutional acts were the direct and proximate cause of Plaintiff's deprivation of his constitutional rights.

42. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights committed by Defendant Johnston, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42. U.S.C § 1983 together with costs, interests, and attorney fees as set forth in 42 U.S.C. §1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), not including interest, attorney fees, and costs.

## COUNT IV
## ASSAULT AND BATTERY

43. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

44. Defendants' actions were not undertaken in good faith and were not discretionary; but were otherwise undertaken with malice.

45. At all material times herein, Defendants threatened and/or caused Plaintiff to be threatened with involuntary, unnecessary, and/or excessive physical contact.

46. At all material times herein, the physical contact and/or threat of physical contact referred to herein was inflicted upon Plaintiff by Defendants.

47. That the physical contact was unnecessary and excessive; and furthermore, the physical contact was without probable cause and/or any legal justification whatsoever.

48. As a direct and proximate result of the assaults and batteries inflicted upon Plaintiff as described herein, Plaintiff sustained injuries and damages.

49. Defendants' actions were so egregious and so outrageous, that Plaintiff's damages were heightened and made more severe; thus Plaintiff is entitled to exemplary damages.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), not including interest, attorney fees, and costs.

## COUNT V
## FALSE ARREST/FALSE IMPRISONMENT

50. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

51. That Defendant Johnston caused the arrest and/or imprisonment of Plaintiff without any legal justification and/or probable cause.

52. That Defendant Johnston caused Plaintiff to be held against his will and/or imprisoned without any legal justification and/or probable cause.

53. Defendant Johnston restricted Plaintiff's liberties against his will.

54. Defendant Johnston's actions were without legal justification and/or probable cause.

55. As a result of Defendant Johnston's actions, Plaintiff suffered injuries and/or damages.

56. Defendant Johnston's actions were so egregious and so outrageous that Plaintiff's damages were heightened and made more severe such that Plaintiff is entitled to exemplary damages.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), not including interest, attorney fees, and costs.

## COUNT VI
## GROSS NEGLIGENCE

57. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

58. The governmental agency that employed Defendants was engaged in the exercise or discharge of a governmental function.

59. Defendants' conduct amounted to gross negligence that was the proximate cause of Plaintiff's injuries and damages.

60. Defendants' actions and/or inactions were such that they completely ignored the potential risk of injury to Plaintiff.

61. At the time of the incident complained of, Defendants were working for the Grand Rapids Police Department and therefore had a duty to perform their employment activities so as not to endanger or cause harm to Plaintiff.

62. Notwithstanding these duties, Defendants breached their duty with deliberate indifference and gross negligence and without regard to Plaintiff's rights and welfare, which caused serious injuries and damages to Plaintiff.

63. Defendants knew or should have known that by breaching these duties, harm would come to Plaintiff.

64. Defendants engaged in conduct so reckless as to demonstrate a substantial lack of concern for whether an injury resulted; thereby causing Plaintiff's injuries and damages.

65. That as a direct and proximate result of the Defendants' indifferent/grossly negligent acts and/or omissions, Plaintiff sustained damages and injuries.

66. Defendants' actions were so egregious and so outrageous that Plaintiff's damages were heightened and made more severe; thus Plaintiff is entitled to exemplary damages.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), not including interest, attorney fees, and costs.

## COUNT VII
## CITY OF GRAND RAPIDS' CONSTITUTIONAL VIOLATIONS

67. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

68. Defendant City of Grand Rapids acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Plaintiff.

69. That these customs and/or policies and/or practices included, but were not limited to, the following:

   a. Failing to adequately train and/or supervise its police officers so as to prevent violations of citizen's constitutional rights;

   b. Failing to adequately train and/or supervise police officers regarding reasonable seizures;

    c.    Failing to adequately train and/or supervise police officers regarding the proper use of force;

    d.    Failing to adequately train and/or supervise police officers regarding lawful searches and/or seizures conducted incident to an arrest;

    e.    Failing to supervise, review, and/or discipline police officers whom Defendant City of Grand Rapids knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct; and

    f.    Failing to adequately train and/or supervise its police officers in the proper policies and procedures for: effectuating an arrest without the use of excessive force, conducting an arrest with probable cause and/or legal justification, and the limits of lawful searches and seizures of cell phones.

70. Defendant City of Grand Rapids' conduct demonstrated a substantial lack of concern for whether an injury resulted.

71. Defendant City of Grand Rapids' acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

72. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth and/or Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, and Plaintiff has a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

          Respectfully Submitted,

          CHRISTOPHER TRAINOR & ASSOCIATES

          **/s/ Shawn C. Cabot**
          CHRISTOPHER J. TRAINOR (P42449)
          SHAWN C. CABOT (P64021)
          KRYSTINA R. DOSS (P77365)
          Attorneys for Plaintiff
          9750 Highland Road
          White Lake, MI  48386
          (248) 886-8650
          shawn.cabot@cjtrainor.com
          krystina.doss@cjtrainor.com

Dated:  November 29, 2021
SCC/

**UNITED STATE DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

DOMINIC WILLIAMS,

    Plaintiff,

v.                                                CASE NUMBER:
                                                HONORABLE:

CITY OF GRAND RAPIDS, RYAN JOHNSTON,
and MAKENTORCH SEIDE,
in their individual and official capacities,

    Defendants.
_____/
CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com
krystina.doss@cjtrainor.com
_____/

**<u>DEMAND FOR TRIAL BY JURY</u>**

**NOW COMES** Plaintiff, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

        Respectfully Submitted,

        CHRISTOPHER TRAINOR & ASSOCIATES

        **/s/ Shawn C. Cabot**
        CHRISTOPHER J. TRAINOR (P42449)
        SHAWN C. CABOT (P64021)
        KRYSTINA R. DOSS (P77365)
        Attorneys for Plaintiff
        9750 Highland Road
        White Lake, MI  48386
        (248) 886-8650
        shawn.cabot@cjtrainor.com
        krystina.doss@cjtrainor.com

Dated:  November 29, 2021
SCC/